## Finley's Appeal.

1. A mechanics' lien filed against the husband alone as owner and a contractor, but not referring to the wife or making her a party to the record is not a lien against her estate.

2. There is no relation of trustee and cestui que trust or any other privity of estate which can make a sale in the name of one carry the estate of the other.

3. The divestiture of a wife's title under a mechanics' lien must depend on the record, not on proof after the sale that she had consented to the contract under which the claim was filed.

4. When the declaration against a married woman contains no averment respecting the origin of the debt, the plea of coverture is a good defence to the wife.

5. In such case it is not enough that a cause of action against a married woman is proved, it must be declared on.

6. A claim against a wife for the improvement of her real estate is only constructively within the proviso of the 6th section of the Act of April 11th 1848.

7. A mechanics' lien was filed against Jermon as "owner or reputed owner" and the contractor. In the scire facias an attorney appeared and confessed judgment "with the same effect as if the lien had been originally filed against Jermon and Sarah A. his wife," and as if the scire facias had been issued against both and "duly returned served." Held, that the judgment did not create a lien, the land being the wife's.

[*Finley's Appeal.*]

8. A confession of judgment by a married woman is not binding on her.

9. A married woman is protected from encumbrance on her real estate, unless her written consent be first obtained and duly acknowledged before one of the judges of the Court of Common Pleas.

10. Confessions of judgment on her mortgage in which she is primarily bound are in furtherance of the remedy and are binding.

11. *It seems* that such confession in a mechanics' lien filed against the wife would be good.

February 9th 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Appeal from the District Court of *Philadelphia:* No. 127, to January Term 1871.

This case arose upon the distribution of the proceeds of the sheriff's sale under an execution against J. W. Jermon and Sarah A. his wife.

Thomas Greenbank, Esq., was appointed auditor to make distribution. The auditor in his report said :— * * *

"The suit of W. A. Arnold, which produced the fund, was instituted against Sarah H. Jermon, judgment was obtained and final process issued against her, her husband, J. Wagner Jermon, being joined throughout the process and pleadings for the sake of conformity. The levy was made upon property recorded in her name, and the purchaser acquired her title. The auditor is of the opinion that the fund for distribution is the proceeds of the sale of the wife's interest, and should go in payment of her lien-creditors, according to priority, and not of those of J. W. Jermon, the husband." * * *

The claimants on the fund were, Samuel T. Chadwick, Samuel M. Foster and John Kelly, claiming upon mechanics' liens for the erection of a building on the real estate sold, W. A. Arnold as above mentioned, the receiver of taxes, and Clement A. Finley, assignee of James R. Moorhead, to whom Jermon and wife had given a mortgage on the premises. The mortgage was dated April 4th and recorded April 6th 1868, and amounted to more than the fund for distribution. Judgments on the other liens preceded the recording of the mortgage.

The claim of Chadwick was filed May 17th 1866, against "J. W. Jermon, owner or reputed owner, and Riego Taylor, contractor." Foster's claim was entered in the same way; judgment was recovered on this claim, November 3d 1866. Kelly's claim was filed in the same way. On this claim judgment was entered on the following agreement :—

"And now, May 14th 1867, it is agreed that judgment be entered in the above case with the same effect as if the lien claim had been originally filed against J. W. Jermon and Sarah H. his wife, and as if sci. fa. had been issued thereon against the said J. W. Jermon and Sarah H. his wife, and duly returned served, and that

[Finley's Appeal.]

the amount of the judgment shall be for the sum of $332.56, with stay of execution for six months.

"SAMUEL F. FLOOD, for plaintiffs.　VAIL, for defendants."

The auditor reported that objections were made to these liens, because "the claims were filed against J. W. Jermon, owner, and not liens against the wife's interest. The evidence of Mr. Jermon was, that he and his family were in possession of the premises at the time of the construction of the improvements, and that Sarah H. Jermon his wife contracted with Riego Taylor to erect the building, Mr. Jermon ratifying the contract.

"'It is true that the husband cannot render the wife's estate subject to a mechanic's lien by erecting improvements on her separate property without her consent: Barto's Appeal, 5 P. F. Smith 386: but her interest is bound by a lien filed against him as owner or reputed owner, when the building was erected with her knowledge and consent. Lex v. Holmes, 4 Phil. R. 10, and the Act of 28th April 1840, Purd. Dig. 714, declares a mechanic's lien shall extend to the estate of the person in possession at the time of the commencement of the building, and at whose instance the same is erected." * * *

"The auditor is of opinion, for the reasons and upon the authorities given above, that the liens against J. W. Jermon, owner, are valid to bind the interest of the wife under the facts of this case. Whether the judgment on the sci. fa. in the two cases is sufficient proof of the claim, however, without further proof is also a question for determination.

"It is a well settled rule that a judgment, although irregular on its face and even if legally recovered, cannot be impeached collaterally by third persons although lien-creditors of the defendant, except for fraud or collusion. * * * These two claims are therefore placed on the line of liens as of the date of the judgment on the sci. fa., and not of the filing of the claims. This, however, does not effect any change in the course of distribution in this case. The auditor has not deemed it necessary to discuss the effect of the judgment obtained in Kelly's Case, against Mrs. Jermon, the wife, by consent; because it was not essential that she should be a party to the sci. fa. on a lien filed against her husband as reputed owner. Such lien binds her interest in the land: Lex v. Holmes, 4 Phila. R. 10." * * *

The auditor reported distribution of the fund in court, as follows:—

| | |
|---|---|
| To Samuel T. Chadwick, . . . . . | $107.99 |
| To Edward Lyon, assignee of Samuel M. Foster, | 138.25 |
| To John Kelly, . . . . . . | 423.75 |
| To W. A. Arnold, . . . . . . | 395.08 |
| To the receiver of taxes, . . . . | 172.21 |
| To C. A. Finley, assignee of J. R. Moorhead, . | 554.21 |

[Finley's Appeal.]

Finley filed exceptions to the report of the auditor in allowing the claims of Chadwick, Foster and Kelly.

The court confirmed the auditor's report.

Finley appealed to the Supreme Court, and assigned for error the allowance of the claims of Chadwick, Foster and Kelly.

*J. H. Gendell* and *E. S. Miller*, for appellants, cited Hampton *v.* Broom, 1 Miles 241; Hays *v.* Tryon, 2 Id. 208; Gault *v.* Demming, 3 Phila. R. 337; Noll *v.* Swineford, 6 Barr 187.

*A. V. Parsons*, for appellees, cited Act of April 28th 1840, § 24, Pamph. L. 474, Purd. 581, pl. 40; Leiby *v.* Wilson, 4 Wright 63; Hazelett *v.* Ford, 10 Watts 101; Stiles *v.* Bradford, 4 Rawle 401; Tarbox *v.* Hays, 6 Watts 398, 5 W. & S. 473; Thompson's Appeal, 7 P. F. Smith 175; Lanman's Appeal, 8 Barr 473; McCay's Appeal, 1 Wright 125; Barto's Appeal, 5 P. F. Smith 386.

The opinion of the court was delivered, May 8th 1871, by

Agnew, J.—The auditor in the court below states that the fund for distribution is the proceeds of the sale of the wife's interest, to wit, that of Mrs. Sarah H. Jermon, and he therefore concludes that it should go in payment of her lien-creditors according to priority, and not to those of J. W. Jermon the husband. This opinion is correct, and is the key to the distribution. But he afterwards awarded the fund to three creditors upon mechanics' liens, filed against J. W. Jermon owner or reputed owner, and Riego Taylor contractor. This he did on proof that Mr. Jermon and his family were in possession of the premises at the time of the construction of the buildings, and that they were contracted for by Mrs. Jermon with Riego Taylor, Mr. Jermon ratifying the contract. The question therefore raised is, whether a claim filed against the husband alone as owner and a contractor, not referring to or making the wife a party to the record in any way, is a lien against her estate. The very statement of the question would seem to be sufficient to furnish a negative reply; but as a different opinion has been expressed in the District Court in a former case, it is proper to discuss the question. In order to maintain the right of a claim, filed against the husband alone, to be paid out of the fund, we must hold that a sale under such a claim would pass the title of the wife which she holds in her own right. But this is contrary to all our notions of the effect of a judicial sale. There is no relation of trustee and cestui que trust, or of any other privity of estate, which can possibly make a sale in the name of one carry the estate of the other. Not only is the estate of the wife her own separate and independent interest, but it is protected by express statute from the acts, encumbrance and

executions of the husband. Upon a levari facias against the husband alone and the contractor the sheriff would advertise, levy and sell but the interest of the husband. Admitting that the wife had really made the contract for the building, and that this was susceptible of clear proof, the sheriff could not incorporate this fact into his advertisement and his terms of sale, and declare that he was selling not the title of the defendant in the execution, but that of his wife. But suppose it not to be the fact, though alleged; is the wife to have no trial to protect her rights, or is the purchaser at the sheriff's sale to be made to run the risk of the proof? Such an uncertainty as this would be, is to the injury of all concerned. It injures the mechanic, for the bid at the sale will be regulated by the risk to be run, and the property would often not pay the claims. It injures the wife, for on the one hand her estate may be sacrificed; and on the other, she will be compelled to litigate with the purchaser with a cloud upon her title. There can be no justice done to any one interested unless she is made a party to the claim, and her right or her liability is determined by a judgment. Such an anomaly that the divestiture of her title shall depend not on the record, but on proof after the sale that she had consented to the contract under which the claim was filed, could not be tolerated. What notice would the claim against her husband be to subsequent lien-creditors or purchasers from her? It would not stand against her title on the judgment index, or upon any record. It would unsettle the whole doctrine of record liens and notice, and leave the question of lien or no lien to depend upon the proof of the contract *in pais*. This is precisely what was done in this case, the auditor finding no record lien against Mrs. Jermon, but resorting to proof of an outside fact to convert the claim against the husband into a lien against the wife. It not only contravenes the doctrine of liens, the statute as to the judgment index, the interests of the parties and the public, but it is in the face of the 1st section of the Act of 1st April 1863, Brightly 1306, pl. 1, which declares that "the true intent and meaning of the Act of Assembly to secure the rights of married women, passed the 11th day of April, A. D. 1848, and the supplements thereto, are hereby declared to be, that no judgment obtained against the husband of any married woman, before or during marriage, shall bind or be a lien upon her real estate, or upon any interest the husband may be entitled to therein as tenant by the curtesy."

That the claim should be filed against the wife and appear in the record in order to change her estate, is clear also upon authority. Thus, in Mahon *v.* Gormley, 12 Harris 83, it was held that a plaintiff who would avoid the effect of a plea of coverture must set forth in his replication the special circumstances which make the defendant liable notwithstanding her coverture, or amend his

declaration so as to set forth those circumstances. So in Murray *v.* Keyes, 11 Casey 384, an action to recover a claim for necessaries, it was said that the instances in which a wife is liable are exceptional, and are specified in the proviso to the 6th section of the Act of 11th April 1848, and in the 8th section. A plaintiff who seeks to charge her estate should bring his case within some of these exceptions. Where the declaration contains no averment respecting the origin of the debt, the plea of coverture is a good defence to the wife. The judge there repeats the language used in Mahon *v.* Gormley. Further on he says, " we cannot construe the statute in reference to these exceptions without saying that the *pleadings* as well as the evidence failed to make out a case for charging the wife." But still stronger is the case of Parke & Wife *v.* Kleeber, 1 Wright 251. There the court say they saw no error that sustains any one of the assignments. of error, and yet proceed to say, " But still we are unwilling to affirm the judgment, because the pleadings disclose no cause of action against the wife. It is not enough that a cause of action was proved; it should be declared also." Again: " Without a cause of action declared of record against the wife, we cannot sustain a judgment intended to be levied on her estate." To the same effect is Lippincott & Wife *v.* Hopkins, 7 P. F. Smith 328. The point of the matter is well hit by Thompson, C. J., in Carey *v.* Wintersteen, 10 P. F. Smith 398, when he said, " The plaintiffs in error complain of this, and they have a right to do so, unless, indeed, it can be maintained that a judgment on the lien filed does not bind the estate against which it is filed, but some other estate, in some other ownership, on a contract by other parties."

A claim against a wife for the improvement or repair of her separate estate is only constructively within the proviso to the 6th section of the Act of 11th Apri 1848: Heugh *v.* Jones *et ux.*, 8 Casey 432–434; Murray *v.* Keyes, 11 Id. 384. Her contract would be void at common law: Glyde *v.* Keister, 8 Casey 85; Heugh *v.* Jones, *supra* ; Bear's Adm'r. *v.* Bear, 9 Id. 525. Hence, in the last case it was held that the administrator of the husband could not recover from the wife money advanced by him under contract with her for the improvement of her estate. For all these reasons we think that the decision in Lex *v.* Holmes by the District Court, upon which the auditor relied, was an error: Leg. Int., Jan. 20th 1860, p. 20.

It is scarcely necessary, after what has been said, to place the case on the terms of the Act of 28th April 1840, Brightly, p. 714, pl. 40, confining the effect of a mechanic's lien to the estate of the person in possession at the time of commencing the building, at whose instance the same is executed, and declaring that no greater estate shall be sold by virtue of any execution authorized or directed in the Mechanics' Lien Act.

[Finley's Appeal.]

The confession of judgment in John Kelly's case did not create a lien. It was the act of an attorney appearing for a married woman who was no party to the record, against whom no claim had been filed, and confessing a judgment for a debt apparently that of the husband. It had no foundation in the record to stand upon, and falls within that numerous class· of cases deciding that the confession of a judgment by a married woman is not binding on her. If a married woman's estate can be swept away by such a confession, she is unprotected by the stringent provisions of the Act of 1848, which protects her from liability against encumbrances upon her estate, unless her written consent be first had, and obtained and duly acknowledged before one of the judges of the Court of Common Pleas. She would always be in the power of her husband, who should authorize any convenient attorney to appear for and confess judgment against her. The fact of her real liability would be made to depend on the mere assertion, or rather the inference to be drawn from the confession by the attorney. It is wholly unlike those cases of mortgage where the wife is primarily bound by the instrument, and the confession is merely in furtherance of the remedy: McCullough v. Wilson, 9 Harris 436; Evans v. Meylert, 7 Id. 402; Hartman v. Ogborn, 4 P. F. Smith 120. If in this case the claim had been filed against Mrs. Jermon, then it might have been contended with some show of reason that the judgment was binding, as in Hartman v. Ogborn, *supra*. But here there is nothing but the bald confession of the attorney, which brings the case within the principles of Dorrance v. Scott, 3 Whart. 309, Caldwell v. Walters, 6 Harris 79, and cases of a similar type.

The decree of the court below is reversed, and it is now ordered and decreed that the distribution to the mechanics' claims of S. T. Chadwick, Samuel W. Foster and John Kelly be stricken out, and the money so distributed is ordered to be paid to the appellant as assignee of the mortgage of James R. Morehead *et al.*, set forth in the auditor's report; and the said Chadwick, Norton and Kelly are ordered and decreed to pay the costs of this appeal.

SHARSWOOD, J.—I concur on the ground that a married woman cannot, by her oral consent, authorize her husband to encumber her real estate.