## Streng v. Bittner et al., Executrices

*Shaver & Heckman*, for plaintiff.
*A. M. Matthews*, for defendants.

BOOSE, P. J., January 31, 1944 — Plaintiff, C. C. Streng, brought this action of assumpsit against de-

fendants, Mary C. Bittner and Florence I. Streng, executrices of the last will and testament of Carrie Bowser Streng, his deceased wife, to recover certain sums of money alleged to have been expended by plaintiff in the payment of taxes assessed against the said wife's separate property and in making improvements on said property within six years preceding her death. Defendants filed an affidavit of defense denying that plaintiff paid said taxes and made improvements, as alleged in plaintiff's statement of claim. The case is before the court for trial without a jury by a written agreement between the parties, under the provisions of the Act of April 22, 1874, P. L. 109, as amended by the Act of July 10, 1935, P. L. 640.

From the pleadings and the evidence, we find the following

### Facts

1. Carrie Bowser Streng, the wife of C. C. Streng, plaintiff, died testate, on or about July 12, 1941, seized and possessed of a certain piece, parcel, or lot of ground situate in the Borough of Meyersdale, Somerset County, and having erected thereon a dwelling house and other improvements.

2. During her lifetime, the said premises were used, occupied, and enjoyed jointly by both husband and wife, but the title thereto was in the name of the wife alone as her separate property.

3. By her last will and testament, the said testatrix named, constituted, and appointed her two daughters, Mary C. Bittner and Florence I. Streng, to be the exectrices of her estate, to whom letters testamentary have been issued by the Register of Wills of Somerset County.

4. During the lifetime of the said Carrie Bowser Streng, the county, school, and borough taxes assessed against her separate property for the years 1937, 1938, 1939, and 1940, amounting to approximately $340,

were paid to the tax collector by C. C. Streng, her husband.

5. During the years 1939 and 1941, plaintiff, C. C. Streng, made certain improvements and repairs to his wife's separate property, consisting of the purchase of paint, oil, and turpentine, making sewer connections, and opening and closing a clogged drain. The costs of these improvements, amounting to $77.15, were paid by the husband, C. C. Streng.

6. There is no evidence that the testatrix authorized or directed her husband to pay said taxes, and to make said improvements and repairs to her property; nor is there any evidence that she expressly promised or agreed to reimburse the husband for the moneys so laid out and expended for her benefit.

### Discussion

The foregoing findings of fact do not require any extended discussion of the law applicable thereto. In his statement of claim plaintiff does not allege, nor was any evidence offered to prove, that he laid out and expended his money for the purposes mentioned at the request or by direction of his deceased wife; nor that she expressly promised and agreed to reimburse him for the same. The liability of her estate, and his right to recover, if any, must rest upon an implied promise of the wife to the husband, which assumes that a husband and wife may contract with each other, and that she is legally bound by her promise to pay him for money advanced for her use and benefit, and that compliance with such a promise may be enforced by a suit against her personal representatives after her death. The Act of April 11, 1848, P. L. 536, frequently referred to as the Married Women's Enabling Act, does not enable a married woman to contract with her husband for repayment of money advanced by him for the improvement of her separate estate: Bear's Admr. v. Bear, 33 Pa. 525, cited with approval in Finley's Ap-

peal, 67 Pa. 453; Sellers et ux. v. Heinbaugh et al., 117 Pa. 218.

If a married woman is disabled from entering into such contract during her lifetime, then the law may not imply such promise and thereby create liability against her separate estate after her death. A promise by the wife to reimburse her husband for advances for the benefit of her separate estate does not arise by implication: Harrell v. Harrell, 117 Ind. 94, 19 N. E. 621; Bailey's Admr. v. Hampton Grocery Co. et al., 189 Ky. 261, 224 S. W. 1067; Bean v. Bean, 135 N. C. 92, 47 S. E. 232; 30 C. J. 860, §540.

Equity will not imply a promise by the wife to pay her husband for improvements or repairs on her separate property while possessed, used, or enjoyed by him in virtue of his marital rights; but on the contrary a presumption arises in all such cases that the consideration and motive of the husband were that he would be reimbursed by use and enjoyment of the property: Nall et al. v. Miller, 95 Ky. 448, 25 S. W. 1106.

No implied promise arises from the wife's knowledge that the work is being done: Norton v. Norton, 1 N. Y. Supp. 552.

Improvements by the husband upon lands of the wife will in general be presumed to be intended by him for her benefit, and he is consequently not entitled to compensation for the same: 30 C. J. 859, §539. The same rule of law is applicable to the payment of taxes on the wife's separate property. Thus, where a husband, acting as executor under a will in which his wife was named as residuary legatee, paid taxes on his wife's land, the law would not imply a promise on the part of the wife to repay him, as he was under no legal obligation to make such expenditures: Bean v. Bean, supra.

Based upon the law applicable to the facts, we draw the following

*Conclusions of law*

1. Carrie Bowser Streng, the wife of C. C. Streng, plaintiff, during her lifetime, was disabled from entering into a contract with her husband for the repayment of money advanced by him for making improvements to her separate property, or for paying taxes assessed against it.

2. After her death, the law will not imply a promise on her part to reimburse the husband for money so advanced by him and thereby create a liability against her separate estate.

3. Plaintiff is not entitled to recover in this action.

4. Judgment shall be entered in favor of defendants for costs of suit.

*Order*

Now, January 31, 1944, it is ordered and directed that the prothonotary shall give notice to the parties, or their counsel of record, of the filing of the foregoing findings of fact and conclusions of law; and, unless exceptions thereto are filed within 30 days after service of such notice, judgment shall be entered by the prothonotary sec. leg.