ELIZA BLANKENSHIP and others v JAMES HUNT.

*Parties—Action by Personal Representative.*

An action upon a note executed to a deceased person during his life-time for land sold by him, should be brought in the name of his personal representative.

CIVIL ACTION, tried at Spring Term, 1876, of RUTHERFORD Superior Court, before *Schenck, J.*

The plaintiffs are the widow and heirs at law of one William Blankenship, who previous to his death executed a deed for certain lands to the defendant in consideration of about $1,500, the greater part of which remains due and unpaid, as appears by notes of defendant. The plaintiffs insisted that said deed conveyed only a life estate, and by the terms thereof, the title remained in said Blankenship and his heirs until all the purchase money was paid and demanded that said deed be surrendered, the land be sold and the proceeds applied to the payment of the purchase money, &c.

The defendant demurred to the complaint and assigned as cause :

1. That the action should have been brought by the personal representative of the deceased.

2. That said deed conveys to defendant, either an estate in fee, or for the life of defendant, and that the same has been paid for by him in money and notes and that he is in possession of said land.

His Honor held that defendant was entitled to judgment upon said demurrer, and adjudged that plaintiffs pay the costs of the action. From which ruling the plaintiffs appealed.

*Mr. D. G. Fowle,* for plaintiffs.
*Messrs. W. J. Montgomery* and *M. H. Justice,* for defendant.

BYNUM, J. It is unnecessary to decide what estate in the land was passed to the defendant, by the deed of W. W. Blankenship. He certainly should be content with his title, if he claims to have the fee simple. The notes for the land were executed by the defendant to Blankenship, and upon his death, they devolved upon his personal representative.

They can be collected by suit only in the name of the administrator.

The plaintiffs who are the wife and children of the intestate, have no interest in the notes or their proceeds, legal or equitable, until the debts and liabilities of the estate are discharged and there shall remain a surplus for distribution. How that will be, there is no allegation or proof. Why the notes were not sued on by an administrator of the estate it is hard to conceive. The defendant is not entitled to a homestead as against the debt for the purchase of the land ; on the contrary the land is liable to sale under execution for the debt, at least all the estate which the defendant acquired by the deed. Whether the estate is a fee simple or a life estate, we not decide. Whatever it is, it is a legal estate unaffected by any trust for the benefit of the plaintiffs under which they can enforce a sale by a decree of this Court, according to the prayer of the complaint. The demurrer must therefore be sustained upon both grounds.

There is no error.

PER CURIAM.                         Judgment affirmed.