BEAN v. BEAN.

(Filed April 19, 1904).

1. EXECUTORS AND ADMINISTRATORS—*Estoppel—Accounts—The Code, secs. 1399, 1400, 1402.*

   An account filed by an executor is only *prima facie* correct, and he is not estopped to impeach it.

2. EXECUTORS AND ADMINISTRATORS—*Husband and Wife—Legacies and Devises—Descent and Distribution.*

   An executor whose wife is the residuary legatee under the will of the testator is not entitled to credits for sums paid for taxes on his wife's land or for money paid to defray his wife's expenses on a trip.

ACTION by Mary A. Bean against M. L. Bean, heard by *Judge W. R. Allen* and a jury, at November Term, 1903, of the Superior Court of ROWAN County. From a judgment for the plaintiff the defendant appealed.

*A. H. Price, Walter Murphy* and *T. F. Kluttz,* for the plaintiff.

*John S. Henderson,* for the defendant.

WALKER, J. The plaintiff, who is the wife of the defendant, is the residuary legatee under the will of Nancy Smith, and the defendant is the executor of the latter and qualified as such in March, 1889. On December 22, 1896, the plaintiff caused a citation to be issued by the Clerk of the Superior Court to the defendant to appear at a time stated in the notice and file an account under sections 1399 and 1400 of The Code. The defendant appeared and filed the account, and insisted before the Clerk that he was entitled to two credits, one for taxes paid by him "for the benefit of the plaintiff" on her land for the years 1892 to 1896, both

BEAN *v.* BEAN.

inclusive, amounting to $775, and the other for money paid by him to R. J. Holmes to defray the plaintiff's expenses to Baltimore. The Clerk disallowed these claims and upon auditing the account found that defendant owed the estate a clear balance of $466.45. The plaintiff thereupon brought this action in the Superior Court to recover said balance. There is some reference in the case to other legacies which had not been paid, and it does not appear, except by inference, whether the $466.45 is due to the estate merely for distribution among the several legatees, or is due to plaintiff after paying all claims and legacies and the costs and expenses of administration. The plaintiff though sues for this balance and the defendant in his answer admits that it is due to the plaintiff unless he is entitled to the said credits. The Court ruled that the defendant could not successfully assert his claim "because he was estopped to deny the adjudication of the Clerk." The ruling of the Court was correct, that is, its conclusion, but the reason given therefor was not. The defendant was not estopped by the proceeding before the Clerk. The account as filed and stated in response to the citation had no more force or effect against him than the account would have had if he had filed it voluntarily. The statute expressly provides that "it shall be deemed *prima facie* evidence of correctness," even when it is audited by the Clerk by the examination of vouchers or witnesses or of both. The auditing is an *ex-parte* proceeding and has none of the features or characteristics of that kind of judicial proceeding the judgment in which works an estoppel upon the parties. This would seem to be so whether the account was filed under section 1399 or section 1402, as the language of the two sections in regard to the manner of compelling the filing of the account, whether annual or final, and of auditing the same, is substantially alike although the words "shall be deemed *prima facie* evidence of correct-

ness" are omitted in section 1402. *Grant v. Hughes,* 94 N. C., 231. In *Allen v. Royster,* 107 N. C., at p. 282, this Court said: "But it (the account) was not conclusive against the plaintiff (next of kin), nor would it be against the creditors or any person interested adversely. It simply shifted the burden of proof as to the correctness of what it contained to him who alleged the contrary." *Rowland v. Thompson,* 64 N. C., 714. In *Collins v. Smith,* 109 N. C., at p. 471, the same principle is stated: "The record shows, and the fact is found, that at the instance of the plaintiffs the final account of the defendant was audited and filed, the plaintiffs being present and contesting various items therein. There is no allegation of any fraud or mistake in the final account so audited, nor is it attacked in any way by the plaintiff, and it is at least *prima facie* correct."

While it is to be considered as *prima facie* correct it has no more conclusive effect than an account stated and is open to attack. The defendant could at least surcharge and falsify it if he was able to do so.

But we do not think that the defendant was entitled to either of the two credits claimed by him. As executor he was not charged with the duty of paying the taxes on his wife's land, and this and the other item could in no way enter into or form a part of his transactions as the representative of his testator. *Young v. Kennedy,* 95 N. C., 265. If he was not himself under any legal obligation to make the advancements of money for his wife the law will not, under the facts and circumstances of this case, imply any promise of his wife to repay him. *Jenne v. Marble,* 37 Mich., 322; *Pittman v. Pittman,* 4 Ore., 298. We conclude therefore that in no view of the case was he entitled to the credits. This of course sustains the decision of the Court below.

No Error.