## J. L. MAYO v. F. L. DAWSON.

(Filed 20 November, 1912.)

### 1. Evidence—Nonsuit—Courts.

The rule requiring the evidence to be considered in the light most favorable to the plaintiff, on a motion to nonsuit, does not permit of a construction that would in effect supply evidence in support of his contention.

### 2. Contracts—Assignor and Assignee—Moneys Collected—Evidence —Nonsuit.

In an action to recover, as assignee of certain organ leases, moneys alleged to have been collected and not accounted for, it is necessary for the plaintiff to show that the moneys had been collected subsequent to the time of the assignment, and in the absence of evidence to this effect, a judgment of nonsuit is properly allowed.

### 3. Executors and Administrators—Devises—Parties—Nonsuit.

An action should be brought by the executor to recover moneys alleged to have been collected and not accounted for by the defendant to the deceased on certain piano leases, and an action by the devisee of these leases in his own name cannot be sustained.

APPEAL by plaintiff from *Bragaw, J.,* at February Term, 1912, of BEAUFORT.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Allen.*

The plaintiff is the son of L. R. Mayo. According to the allegations in the complaint, the defendant, prior to the death of L. R. Mayo, was engaged in selling pianos and organs, as agent for the said Mayo, his compensation being a percentage of profits from the business. The plaintiff claims that Dawson, the defendant, collected certain moneys and failed to account, which is denied by the defendant Dawson, and he brings this action to recover the same.

The plaintiff claims that he is the owner of leases taken on sales of pianos and organs, and the balance due on accounts growing out of the business. He contends that his father gave or sold him the leases and accounts, and that, if this is not true, he is entitled to them under the will of his father.

It is alleged in the complaint, and admitted in the answer, that the defendant made sales to certain persons, and that he collected certain amounts on the sales, but no date is stated as to the time of the sales or of the collections.

The plaintiff introduced the will of L. R. Mayo, bequeathing to him all his interest, and all claims and accounts, in the piano and organ business.

The plaintiff testified as follows: "I am son of L. R. Mayo. My father died in April, 1908. This book contains accounts of organs sold in 1905 and 1906. I have had it in my possession since after January, 1908. The entries are in the handwriting of L. R. Mayo. It represents accounts of organs sold and leases turned over to my father. (Book here offered in evidence.) The sales were made by E. L. Dawson and W. S. Whitson. I received the leases and book at the same time. I had conversations with Dawson about the accounts in this book, first in the latter part of 1907 or early part of 1908. I had a conversation with him a short time after I came in possession of the book. I asked Dawson about the accounts and balances due and if any collections had been made on them. He said, 'No, except what had been reported.' Either in that or a later conversation I told Dawson all accounts had been turned over and belonged to me. He said nothing to this. After my father's death I again asked Dawson about the accounts. I received the book and leases at the same time prior to my father's death. He then gave me an account of the transaction with my father, stating that he (Dawson) was to sell the pianos and organs and my father was to furnish the money to purchase them, and they were to divide the profits. My recollection is that Dawson said he was to get one-half of the commission out of the first money that came in. I do not remember whether he was to have all of the first money that came in. He was to get the balance out of the last payment. Accounts in the book show the commissions due him and the commission paid him, except the J. W. Oden transaction. I have made demand for settlement twice. The first time he said nothing; the second time he claimed there was something due him on old business relations with my father, which terminated at the time of organization of the North State Piano Company."

Cross-examination: "Dawson never asked me for this book. He and I went over this book together, and he admitted the correctness of these amounts. I never refused to exhibit this book to him. I did refuse to exhibit the old book of transactions had between Dawson and my father, terminating three years or more before the North State Piano Company was organized. I never did admit anything due on old business. Dawson never claimed that the profits of the North State Piano Company business should be applied in any way on the old business."

At the conclusion of the evidence judgment of nonsuit was entered, and the plaintiff excepted and appealed.

*Rodman & Rodman for plaintiff.*
*Ward & Grimes for defendant.*

ALLEN, J. This action is to recover certain money, which it is alleged the defendant collected on sales made by him, under an agreement with L. R. Mayo, deceased.

The plaintiff contends that he is entitled to recover, because L. R. Mayo, who was the owner, prior to *his* death transferred to him the accounts and leases held against persons to whom sales had been made, or, if this is not established, that he is the owner of the leases and accounts under the will of L. R. Mayo.

There is no suggestion in the evidence that L. R. Mayo transferred to the plaintiff any claim against the defendant for any money collected prior to the time it is alleged the accounts and leases were transferred, and it therefore became necessary for the plaintiff, in order to sustain his allegation of ownership, other than under the will, to offer evidence of an assignment to him prior to his father's death, and that the defendant had collected money on the accounts and leases after such assignment.

The testimony of the plaintiff of his possession of the books, accounts, and leases, and of his conversations with the defendant, furnishes some evidence of ownership, but there is no evidence that the defendant collected any money after the plaintiff became the owner.

It is true the defendant admits certain collections, which he says he accounted for, but no dates are given, and it is impossi-

ble for us to see that they were made when the plaintiff had the right to demand payment of him, and the rule requiring us to consider the evidence in the light most favorable to the plaintiff on a judgment of nonsuit does not authorize us to supply evidence.

We are of opinion, therefore, the plaintiff cannot maintain his action on this title, and he is not entitled to recover under the will, because if the accounts and leases were not transferred prior to the death of L. R. Mayo, the right to recover thereon is in his executor. *Blankenship v. Hunt,* 76 N. C., 377; *Rogers v. Gooch,* 87 N. C., 442.

Affirmed.