CHARLES D. FOIL ET AL. v. THE BOARD OF DRAINAGE COMRS. OF BIG COLD WATER DRAINAGE DISTRICT NO. 1 OF CABARRUS COUNTY AND W. E. EZZELL.

(Filed 8 December, 1926.)

1. **Drainage Districts—Assessments—Drainage Commissioners—Distribution of Surplus Funds—Statutes.**

Where a drainage district of a county having assessed the property owners therein for improvements, and when having completed the same there is a surplus in the hands of the county treasurer, the board of drainage commissioners may, upon the exercise of a sound discretion, and

in good faith, determine that the fund on hand is not necessary for further disbursements for the benefit of the district, according to the plan adopted, and distribute the same proportionately among those assessed in accordance with law, especially when such owners have thereto agreed. C. S., 5372(3).

**2. Same—Executors and Administrators—Heirs at Law.**

 Where, after completing a drainage project the drainage commissioners of the district have resolved to distribute a surplus in the hands of the county treasurer to those whose property has been assessed for the purpose, the part thereof of a deceased person, who had conveyed the land, is not an appurtenance to the land so conveyed, but passes as personal property to his personal representative, and not directly to his heirs at law.

APPEAL by defendant, W. L. Ezzell, from *Stack, J.,* at October Term, 1926, of CABBARUS. Remanded.

Controversy without action to determine to whom a fund now under the control of defendant Board of Drainage Commissioners, for distribution, should be paid.

From judgment directing said board to pay said fund to the administrator of M. Foil, deceased, defendant, W. L. Ezzell, appealed to the Supreme Court.

*Caldwell & Caldwell for plaintiffs.*
*Palmer & Blackwelder for defendants.*

CONNOR, J. Big Cold Water Drainage District No. 1, of Cabarrus County, N. C., was established in 1913 by a proceeding in accordance with the drainage law of this State. See C. S., chapter 94, Art. 5. The assessment made upon the land included in the district then owned by M. Foil for the benefit of the district was $1,452.33. This sum was paid in cash by him, as landowner, to the treasurer of Cabarrus County; said land was thereby released from liability to be assessed for improvements then contemplated and thereafter made in the said district. C. S., 5352; Pub. Laws 1909, ch. 442, sec. 32; Pub. Laws 1911, ch. 67, sec. 9.

M. Foil has since died, leaving plaintiffs as his heirs at law. On 31 May, 1920, plaintiffs conveyed the land upon which the sum paid by M. Foil was assessed, and which descended to them as heirs at law of M. Foil, to defendant, W. L. Ezzell, who is now the owner thereof.

On 1 January, 1926, all the bonds theretofore issued, and all the debts theretofore contracted by the board of drainage commissioners, for the improvement of lands included in said district, had been paid. There remained in the hands of the treasurer of Cabarrus County, and under the control of said board of drainage commissioners, unexpended, the sum of $6,891.70. At a meeting of the owners of all the lands included

in said district, regularly called by the clerk of the Superior Court of said county, by unanimous vote, the board of drainage commissioners was requested to retain, for emergencies $200 of said sum, and to distribute the remainder, pro rata, "to the people who paid it, and where the lands have changed hands, to such persons as the court may direct."

The board of drainage commissioners have correctly determined that the pro rata share of the amount to be distributed, on account of the assessment paid by M. Foil upon the land then owned by him, and now owned by defendant, W. L. Ezzell, is $418.36.

Plaintiffs contend that this sum should be paid to them as heirs at law of M. Foil; defendant, W. L. Ezzell, contends that it should be paid to him as the present owner of said land, claiming under plaintiffs, who by their warranty deed conveyed to him the land, with all appurtenances thereto; defendant, the board of drainage commissioners is ready and willing to order the treasurer of Cabarrus County to pay said sum to such person or persons as the court may direct.

The court was of opinion that said sum was not an appurtenance to the land, but was personal property, belonging to the estate of M. Foil, deceased. In accordance with this opinion it was adjudged that said board of drainage commissioners be and they were directed to pay said sum to the administrator of M. Foil, deceased. Defendant, W. L. Ezzell, excepted to the judgment, and upon his appeal to this Court assigns same as error.

The treasurer of Cabarrus County held the surplus in his hands on 1 January, 1926, belonging to said drainage district, for future disbursements for the benefit of said district, or subject to the order of the board of drainage commissioners of the district. C. S., 5372, subsec. 3. The board of drainage commissioners, having determined in good faith that it was not necessary to hold said surplus for future disbursements for the benefit of the district, all its bonds and debts having been paid, has the power, certainly upon the request of the owners of all the lands in the district, to distribute said surplus, pro rata, among the persons entitled thereto.

Defendant, W. L. Ezzell, as the present owner of the land enjoys all the benefits which shall hereafter accrue to the land by reason of the fact that it is included within the drainage district. Assessments hereafter made in order to maintain the district, and thus to continue its benefits, will be liens upon all the lands in the district, including the lands of defendant, from and after the date of each assessment. Plaintiffs cannot be held liable to defendant, upon his payment of such assessments, under the warranty in their deed. Such assessments will be in the nature of a tax, the burden of which must be borne by the land which receives the benefits for which the assessments are made. *Drain-*

age Comrs. v. Sparks, 179 N. C., 581; Pate v. Banks, 178 N. C., 139; Taylor v. Drainage Comrs., 176 N. C., 224.  C. S., 5371, which provides that a grantor, who holds under a warranty deed, and who pays an assessment levied prior to the conveyance to him, shall have a right of action against the warrantor of his title, does not apply to an assessment made after the conveyance, in order to maintain the district, and thus continue its benefits.

The assessment paid by M. Foil was for improvements made long prior to the conveyance of the land to defendant, W. L. Ezzell.  It does not appear that any assessment has been made upon the land since its conveyance to defendant, or that he has paid any part of the fund now to be distributed.  Defendant took the land, under his deed, with all the benefits which had accrued from the improvements made by reason of the assessment which had been theretofore paid.  Any excess in this assessment unexpended and not required for future disbursements cannot be held to be "appurtenances" to the land, which passed to defendant under his deed.  The word "appurtenances can have no other or greater meaning than to comprehend things in the nature of incidents to the land."  Helme v. Guy, 6 N. C., 342.  An "appurtenance" has been defined as "a thing which belongs to another thing as principal, and which passes as incident to the principal thing."  It must have such relation to the principal thing as to be capable of use in connection therewith.  4 C. J., 1467, and cases cited.  In its ordinary sense the term does not embrace personal property.  4 C. J., 1470.

We concur in the opinion of the court, in accordance with which the judgment was rendered.  The pro rata share of the amount to be distributed on account of the assessment paid by M. Foil should be paid, as the court directed, to his administrator.  It is a part of the personal assets of his estate, and did not pass to plaintiffs as his heirs at law. In no event could it be held that plaintiffs are entitled to the sum, as heirs at law, for if it was part of the land, and descended to them with the land, it would pass by their deed to defendant, W. L. Ezzell.

The administrator, however, is not a party to this controversy.  The action is remanded in order that the administrator, with the consent of the parties hereto, may come in and make himself a party to this controversy and receive said sum.  The fact that he has filed his final account does not deprive the administrator of his right to receive or to recover an asset of the estate thereafter discovered.  When the administrator has been made a party hereto, with the consent of plaintiffs and defendants, a judgment in accordance with the holding of Judge Stack, herein approved by this Court, should be entered, to the end that all parties may be bound by said judgment.  If such consent is not given, the administrator should proceed as he may be advised to recover said

sum as an asset of the estate of his intestate. Payment to him as directed by the court, will discharge the liability of the board of drainage commissioners and of the treasurer of Cabarrus County on account of the sum involved in this controversy. Let the action be remanded. It is so ordered.

Remanded.