MRS. ETHEL BOWLIN BUMGARNER v. CONRAD BUMGARNER.

(Filed 22 March, 1950.)

**1. Actions § 9: Pleadings § 19c—**

The service of an amendment to the original complaint, even though an additional summons is issued and served therewith inadvertently, does not constitute a new action, and demurrer on the ground that the amendment, in itself, fails to state a cause of action, is properly denied, the original complaint as amended being sufficient.

**2. Divorce § 12—**

The findings of the court on motion for alimony *pendente lite* are solely for the purpose of the motion and are not binding on the parties nor competent upon the trial of the issues.

APPEAL by defendant from *Rousseau, J.,* at October Term, 1949, of WILKES.

This is an action for alimony without divorce.

Demurrer to the original complaint was sustained.   The plaintiff thereafter amended her complaint, which together with another summons was served on the defendant.

From an order granting alimony *pendente lite* and counsel fees, the defendant appeals and assigns error.

*W. H. McElwee, Jr., for plaintiff.*
*Trivette, Holshouser & Mitchell for defendant.*

PER CURIAM.    The defendant demurs *ore tenus* in this Court on the ground that the issuing and serving of a second summons, with a copy of the amended complaint, constitutes a new action; and, that the allegations in the amended complaint are insufficient to give the court jurisdiction in a suit for alimony.

The so-called amended complaint is only an amendment to the original complaint in this cause, and it is so stated therein.    We think the complaint as amended does allege sufficient facts, if proven, to support a claim for alimony without divorce.

The issuing and serving of an additional summons in connection with the service on the defendant of the amendment to the complaint, would seem to have been an inadvertence, and will be treated as surplusage. The parties were already in court.    Furthermore, we think an examination of the record clearly supports the view that it was not the intention of the plaintiff to institute a new action.

On a motion for alimony *pendente lite* and counsel fees, the judge finds the facts from the pleadings, affidavits and other competent evidence that may be offered in support of plaintiff's allegations, for the purposes of the motion, but the facts so found are not binding on the parties nor receivable in evidence on the trial of the issues.    *Moore v. Moore,* 185 N.C. 332, 117 S.E. 12.

The defendant will have ample opportunity to set up his defense or defenses to the plaintiff's cause of action before the case is disposed of on the trial of the issues.    In the meantime, the allotment of temporary subsistence and counsel fees will be upheld.    *Phillips v. Phillips,* 223 N.C. 276, 25 S.E. 2d 848.

Affirmed.