500

37368. WARNER ROBINS SUN *v.* CLARY.

DECIDED OCTOBER 30, 1958.

*Lawson E. Thompson,* for plaintiff in error.
*J. Cecil Davis, W. Tom Veazey,* contra.

FELTON, Chief Judge. ■ The plaintiff did not introduce any evidence concerning the account sued on. The defendant testified that he had never had any dealings with the plaintiff and denied owing it anything. A verdict was demanded for the defendant in the main action.

■ The plaintiff contends that its demurrer to the defendant's answer should have been sustained because the action being on a stated account the defendant could only surcharge and falsify. Code § 37-306. To surcharge is to allege an omission; to falsify is to deny the correctness of certain of the items rendered. Code § 37-306 does not provide that to surcharge and falsify is the only defense available against an action on a stated account. A defendant is required to surcharge and falsify only when he *objects* to the stated account as relied upon by the plaintiff. Certainly, a defendant who denies that he has ever had any dealings with the plaintiff, denies ever knowing the plaintiff and denies ever having such account is permitted to set up such facts in an answer and to rely on such facts to defeat the plaintiff's recovery. The court did not err in overruling the demurrer to the answer.

■ The only denomination that can be placed on the cross-action is malicious use of civil process. The cross-action was subject to the demurrer for three reasons: One, it was an attempt to set up in law a tort against a contract; two, it did not allege that the action against the defendant had terminated in the defendant's favor; and, three, it did not show that the defendant was arrested or his property seized or that he had suffered such special damages as required. Expense of litigation, attorney's fees, wounded feelings, embarrassment, mortification, humiliation, etc., are not such special damages. *Price v. Fidelity Trust Co.*, 74 *Ga. App.* 836 (41 S. E. 2d 614); *Jacksonville Paper Co. v. Owen*, 193 *Ga.* 23 (17 S. E. 2d 76). This was not a case of an unauthorized suit in another's name; therefore, the authorities cited by the defendant in error on that proposition are not applicable.

The court did not err in overruling the demurrer to the defendant's answer and in denying the motion for new trial as to the main action. The court erred in overruling the demurrer

to the cross-action, and all subsequent proceedings as to the cross-action were nugatory.

*Judgments affirmed in part and reversed in part.* *Quillian and Nichols, JJ., concur.*