MADGE CHERRY DAVIS v. SADIE CHERRY SINGLETON.

(Filed 28 March, 1962.)

1. **Venue § 3—**

An action against an executor or administrator must be instituted in the county in which the personal representative qualified unless there is statutory provision to the contrary, and an action is against the personal representative in his official capacity within the meaning of the rule if it involves a claim against the estate, settlement of the accounts of the personal representative, or the distribution of the estate. G.S. 1-78.

2. **Same—**

In an action by one beneficiary under a will against the other beneficiary thereunder alleging that plaintiff is entitled to one half a specified sum which had been bequeathed to the parties, and that defendant beneficiary, after filing her final account as executrix, had failed and refused to deliver to plaintiff her one-half interest, *is held* not an action against defendant in her representative capacity, and the denial of defendant's motion to remove, as a matter or right, to the county in which she qualified, is without error.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bundy, J.,* September Term 1961 of NASH.

Plaintiff instituted this action June 9, 1961, in the Superior Court of Nash County, and in her complaint alleges:

"1. The plaintiff is a resident of Nash County, North Carolina.

"2. The defendant is a resident of Beaufort County, North Carolina.

"3. On the 17th day of August 1959, Claud T. Cherry died in and a resident of Beaufort County, North Carolina, leaving a duly attested Will which was thereafter admitted to probate in Beaufort County by the Clerk of the Superior Court of that County on the 21st day of September 1959.

"4. Under the terms of said last will of Claud T. Cherry, one-half of his entire estate was given to the plaintiff, Madge Belle Davis, who was his half-sister, and one-half was given to the defendant, Sadie Dott Singleton, who was also his half-sister, '. . . for the terms of their natural lives' with remainder to the 'descendants of the body' of said sisters. Said Will further provided: 'If either of my said half-sisters should die without leaving descendants of her body, then I desire that such property as would have gone to the descendants of said half-sister, shall go absolutely and in fee simple to the heirs of said half-sister.' The plaintiff, therefore, is now entitled to the possession and use of one-half of the entire estate that the said Claud T. Cherry owned at the time of his death for the term of her natural life.

"5. At the time of his death, said Claud T. Cherry had on deposit in a savings account in The Bank of Washington, Washington, N. C., the sum of $9,280.74. The funds in this bank account, though carried in the name of 'C. T. Cherry or Sadie Cherry Singleton,' and though perhaps subject to the order of said Sadie Cherry Singleton during the lifetime of said Claud T. Cherry, were at all times the sole and separate property of Claud T. Cherry during his entire lifetime and passed under his Will at his death. Claud T. Cherry did not own any other personal property of significant value at his death and therefore, under the Will, the plaintiff was entitled to receive one-half of said bank account as her distributive share of his personal estate.

"6. Following the death of said Claud T. Cherry and the administration of his estate by the defendant as Executrix, the defendant appropriated all of the funds in said bank account to her own use and enjoyment, and refused and failed and now refuses and fails to deliver over to the plaintiff the one-half of this account which she was and is entitled to receive, although the plaintiff has repeatedly demanded the payment of same.

"7. The plaintiff is entitled to have and recover of the defendant the sum of $4,640.37, plus interest thereon from the date the administration of the estate of Claud T. Cherry was concluded, as her distributive share of her said brother's personal estate.

"WHEREFORE, the plaintiff prays that she have and recover of the defendant the sum of $4,640.37, with interest thereon from the date of the filing of the Final Account by the Administratrix of the Estate of Claud T. Cherry, and that she have such other and further relief as to the Court may appear just and proper."

Defendant moved, pursuant to the provisions of G.S. 1-83, that the action be removed to Beaufort County for trial. In her motion, defendant asserts the action is removable under the provisions of G.S. 1-78 for that, "while she is not named as Executrix in the caption," it appears from the allegations of the complaint that "the action is in fact against her in her official capacity as Executrix of the estate of Claud T. Cherry."

Defendant excepted to and appealed from the court's order denying her said motion.

*Rodman & Rodman for defendant appellant.*
*Spruill, Thorp, Trotter & Biggs for plaintiff appellee.*

BOBBITT, J. The sole question presented on this appeal is whether the court erred in denying defendant's motion that this action be removed to Beaufort County for trial.

G.S. 1-78 requires that all actions against executors and administrators in their official capacity, unless otherwise provided by statute, be instituted in the county where the letters testamentary or letters of administration are issued. *Wiggins v. Trust Co.*, 232 N.C. 391, 61 S.E. 2d 72, and cases cited; McIntosh, N. C. Practice and Procedure, Second Edition (Wilson), § 804.

Plaintiff alleges defendant appropriated to her own use certain funds; that these funds were owned solely by Claud T. Cherry and constituted assets of his estate; and that plaintiff, to whom Cherry left "one-half of his entire estate," is entitled to recover from defendant, individually, one-half of the amount of the funds so appropriated by defendant.

Sadie Cherry Singleton, individually, is named as sole defendant in the summons and in the caption of the complaint. In paragraph 6 of the complaint, in a subordinate clause, plaintiff refers to "the administration of his (Claud T. Cherry's) estate by the defendant as Executrix." Too, plaintiff prays that "she have and recover of the defendant the sum of $4,640.37, with interest thereon from the date of the filing of the Final Account by the Administratrix of the Estate of Claud T. Cherry." Except as stated, the complaint contains no reference to defendant's status, now or formerly, as executrix or as

administratrix. Plaintiff's brief states: "The suit is, therefore, against the defendant individually and not in a representative capacity."

In *Montford v. Simmons,* 193 N.C. 323, 136 S.E. 875, cited and stressed by defendant, the record shows the action was instituted in Harnett County against J. W. Burton, Administrator of the estate of William Montford, deceased, and certain individuals. Burton was a resident of and qualified as such administrator in Onslow County. In the summons, caption and complaint, Burton was designated as such administrator. The plaintiffs asserted that they were, and the individual defendants were not, entitled to certain insurance funds collected by said administrator and then held by him for distribution to the persons lawfully entitled thereto. It was held that plaintiffs' action was against J. W. Burton, Administrator of the estate of William Montford, deceased, in his official capacity; and that said administrator, pursuant to C.S. 465, now G.S. 1-78, was entitled, as a matter of right, to have the action removed to Onslow County.

"The action is against the representative in his official capacity if it: (a) asserts a claim against the estate; (b) involves the settlement of his accounts; or (c) involves the distribution of the estate." McIntosh, *op. cit.,* § 804; *Montford v. Simmons, supra.*

Plaintiff's action is to recover as beneficiary under Claud T. Cherry's will. Unquestionably, if she had instituted such action against defendant as executrix or as administratrix of the estate of Claud T. Cherry, such action, whether maintainable or not, would have been an action against an executrix or administratrix in her official capacity. However, plaintiff did not institute such action.

Whether the complaint alleges facts sufficient to constitute a cause of action against defendant, individually, is not presented by this appeal. The question now presented relates solely to venue.

True, the fact that an executor or administrator is sued, and the defendant is named' as such executor or administrator in the summons, caption and complaint, does not entitle such defendant to an order of removal if the complaint discloses the alleged cause of action is not against such executor or administrator *in his official capacity.* See *Roberts v. Connor,* 125 N.C. 45, 34 S.E. 107, where, in an action against "H. G. Connor, Executor of A. Branch, Deceased, Doing Business as Branch & Co., Bankers," the defendant's motion for removal was denied. But where plaintiff's action is against defendant, individually, and not against her as executrix or as administratrix in an official capacity or otherwise, whether, upon the facts alleged, plaintiff has a cause of action against the personal representative of the Claud T. Cherry estate, is not presented for decision. Suffice to say, plaintiff, in this action, has not sued such personal representative.

Defendant contends, and rightly so, that *Rose v. Patterson*, 218 N.C. 212, 10 S.E. 2d 678, cited and stressed by plaintiff, is readily distinguishable, and present decision is not based thereon. There, the action was against M. K. Patterson, individually, to recover the amount of a judgment previously obtained against M. K. Patterson, as executrix of the estate of A. S. Patterson, deceased. The plaintiff's action was based on C.S. 59, now G.S. 28-61, which provides: "All persons succeeding to the real or personal property of a decedent, by inheritance, devise, bequest or distribution, shall be liable jointly, and not separately, for the debts of such decedent." He alleged he was entitled to recover from M. K. Patterson, individually, the amount of his established claim against the A. S. Patterson estate for that M. K. Patterson, as sole beneficiary under A. S. Patterson's will, "received from herself as executrix of said estate and has taken into her possession and holds the same as her own, assets sufficient to pay off and discharge the debt owing to plaintiff."

Based on the fact that plaintiff, in this action, has not sued the executrix or administratrix of the estate of Claud T. Cherry in an official capacity or otherwise, the order of the court below is affirmed.

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.