### MADGE CHERRY DAVIS v. SADIE CHERRY SINGLETON.

#### (Filed 27 March 1963.)

**1. Courts § 9—**

Where one Superior Court judge sustains a demurrer another Superior Court judge is without authority to overrule the demurrer even after the complaint has been amended when the amendment, though adding evidentiary details, adds nothing to the basic statement of plaintiff's cause of action.

**2. Wills § 67;     Executors and Administrators § 36—     Action held one to surcharge and falsify account of executrix.**

A suit alleging that testator left his personal property one-half to plaintiff and one-half to defendant, that defendant was named executrix, that defendant's final account omitted funds from a certain bank account, and that defendant had converted the funds in the account to her own use, without paying plaintiff her one-half share of such funds, *is held* to state a cause of action to surcharge and falsify the account of the executrix, and demurrer was properly sustained in an action against the executrix in her individual capacity.

**3. Appeal and Error § 2—**

The Supreme Court will take notice *ex mero motu* of the failure of the complaint to state a cause of action.

PARKER, J., dissenting.
HIGGINS, J., joins in dissent.

APPEAL by defendant from *Fountain, S.J.,* August 1962 Term of NASH, docketed and argued as Case No. 255 at the Fall Term 1962.

Civil action to recover a legacy. Defendant appeals from the order overruling her motion for a change of venue and demurrer *ore tenus* to the amended complaint. This case was before the Court at the Spring Term of 1962 upon defendant's appeal from the denial of her motion, made pursuant to G.S. 1-83 and 1-78, to remove the case to Beaufort County for trial. The opinion in the first appeal appears in 256 N.C. 596, 124 S.E. 2d 563, where the original complaint is set out in full. Briefly it alleged the following facts:

Plaintiff and defendant are the half-sisters of C. T. Cherry, deceased. In his last will, probated in Beaufort County, Cherry named defendant as his executrix. He gave one-half of his entire estate to plaintiff and one-half to the defendant for the term of their natural lives with remainder "to the descendants of the body" of said sisters. If either sister should die without leaving such descendants, the property which "would have gone to the descendants of said half-sister, shall go absolutely in fee simple to the heirs of said half-sister. . . ." At the time of his death on August 17, 1959, C. T. Cherry had on deposit in the Bank of Washington at Washington, North Carolina, the sum of $9,280.74. The account was carried in the name of C. T. Cherry or Sadie Cherry Singleton, but it was the sole property of Cherry. Following the death of Cherry and the administration of his estate by the defendant as executrix, the defendant appropriated all the funds in said bank account to her own use and refused to pay over to the plaintiff one-half of the account to which plaintiff contends she is entitled under the will. Plaintiff prayed that she "recover of the defendant the sum of $4,640.37, with interest thereon" from the date of the filing of her final account as "Administratrix of the Estate of Claud T. Cherry."

The former appeal involved only a question of venue. It was held that plaintiff had sued defendant only as an individual and the order of the Superior Court denying the motion of the defendant to remove the case to Beaufort County was affirmed. The Court, speaking through *Bobbitt, J.*, said: "Plaintiff's action is to recover as beneficiary under Claud T. Cherry's will. Unquestionably, if she had instituted such action against defendant as executrix or as administratrix of the estate of Claud T. Cherry, such action, whether maintainable or not, would have been an action against executrix or administratrix in her official capacity. . .Suffice it to say, plaintiff, in this action, has not sued such personal representative." That decision eliminates any question of venue on this appeal. However, the opinion specifically pointed out: "Whether the complaint alleges facts sufficient to consti-

tute a cause of action against defendant, individually, is not presented by this appeal."

When the case was returned to the Superior Court the defendant demurred to the complaint on the ground that the personal representative is the only person entitled to maintain an action to recover assets of the estate of Claud T. Cherry. At the May Term 1962, Judge M. C. Paul sustained the demurrer but allowed plaintiff to amend her complaint as provided by G.S. 1-131. Thereafter plaintiff filed an amended complaint in which she added the following allegations to those previously set out in the original complaint:

At the time of his death, C. T. Cherry owned seventeen acres of land in Beaufort County. Neither this land nor the bank account in the Bank of Washington was listed as an asset in the final account which defendant filed as executrix on October 14, 1960. All debts and claims against the estate, as well as the costs of administration, have been paid in full. Defendant's final account showed that her disbursements exceeded receipts by $562.50 which she paid from the bank account in the joint names of the defendant and the deceased. The costs of administration amounted to $225.00. Deducting this amount, there remains in the hands of the defendant a net balance of $9,055.74. (It would seem that $562.50 should have been the amount deducted.) Defendant has wrongfully converted to her own use plaintiff's one-half of this sum to which plaintiff is entitled under the will of C. T. Cherry. Plaintiff is entitled to judgment in the amount of $4,527.87 with interest from October 14, 1960.

After the filing of the amended complaint defendant again moved for a change of venue on the ground that, if the complaint stated a cause of action, it was against the defendant in her representative capacity as executrix of C. T. Cherry and should be moved to Beaufort County under the provisions of G.S. 1-78 and 1-83; and, if not, that Judge Paul's order sustaining the demurrer should stand.

At the August Term 1962, Judge Fountain overruled defendant's motion. The defendant then demurred *ore tenus* to the amended complaint on the same ground set forth in the demurrer before Judge Paul. Judge Fountain overruled the demurrer *ore tenus*. Defendant appealed, assigning as error the denial of her motion for a change of venue and the overruling of her demurrer *ore tenus* to the amended complaint. In this Court the defendant renewed the demurrer *ore tenus* made before Judge Fountain.

*Spruill, Thorp, Trotter & Biggs for plaintiff appellee.*
*Rodman and Rodman for defendant appellant.*

DAVIS v. SINGLETON.

SHARP, J. For the purpose of testing the sufficiency of the complaint, the demurrer to the original complaint and the demurrer *ore tenus* to the amended complaint admitted the following facts:

C. T. Cherry devised and bequeathed his entire estate to plaintiff and defendant in equal shares for life and named defendant his executrix. At the time of his death Cherry was the sole owner of a bank deposit in the amount of $9,280.74 which was carried in the name of C. T. Cherry or Sadie Cherry Singleton, and the funds in this account passed under his will at his death. Following the filing of her final account as executrix, defendant appropriated all of the net funds in the bank deposit to her own use and refused to deliver over to the plaintiff her share.

On these allegations Judge Paul sustained the demurrer; Judge Fountain overruled it. The amended complaint, while amplifying these allegations with evidenciary details, dates, and figures, added nothing to the basic statement of plaintiff's cause of action.

Judge Fountain was, therefore, without authority to overrule the demurrer; he was bound by Judge Paul's prior ruling. *Wall v. England*, 243 N.C. 36, 89 S.E. 2d 785; *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82. However, since this case has been here once before, we deem it proper to discuss it further.

The question raised by the demurrers is not the determinative question in this case. Here, the individual who has allegedly converted an asset of the estate which rightfully belongs to the plaintiff is the executrix who did not list it in her final account. However, plaintiff has not sued her in her official capacity but, only as an individual.

If the bank still retained the money, plaintiff could not maintain an action for it; such an action could only be maintained by Cherry's personal representative. *Spivey v. Godfrey*, 258 N.C. 676, 129 S.E. 2d 253. *Mayo v. Dawson*, 160 N.C. 76, 76 S.E. 241. This would be true even though the executrix had filed her final account. The fact that an administrator or executor has filed his final account does not deprive him of his right to receive or to recover an asset of the estate thereafter discovered. *Foil v. Drainage Com'rs.*, 192 N.C. 652, 135 S.E. 781; *Edwards v. McLawhorn*, 218 N.C. 543, 11 S.E. 2d 562; *Best v. Best*, 161 N.C. 513, 77 S.E. 762. It is likewise well settled that the filing of a final account does not discharge a personal representative of his trust as to property of the estate remaining in his hands. *King v. Richardson*, 136 F. 2d 849.

The purpose of this action, in its final analysis, is to secure a proper accounting and settlement of the estate of C. T. Cherry. It is in the nature of a bill in equity to surcharge and falsify the final account

of the executrix, and it may be brought by an heir or legatee. *State v. McCanless,* 193 N.C. 200, 136 S.E. 371; *Rudisill v. Hoyle,* 254 N.C. 33, 118 S.E. 2d 145; *Thigpen v. Trust Co.,* 203 N.C. 291, 165 S.E. 720. Obviously the executrix is the party defendant to such an action. *Vollers Co. v. Todd,* 212 N.C. 677, 194 S.E. 84; *Davis v. Davis,* 246 N.C. 307, 98 S.E. 2d 318.

The query presented by this case is: When an executor has filed his final account which omits a legacy, must the legatee, in an action to recover it from the executor, first surcharge his final account? The answer is YES.

"To surcharge is to allege an omission; to falsify is to deny the correctness of certain of the items rendered." *Warner Robins Sun v. Clary,* 98 Ga. App. 500. We find a further and more complete definition in 2 Story's Equity Jurisprudence, (14th Ed.) sec. 701, where it is said:

> "These terms, 'surcharge' and 'falsify', have a distinct sense in the vocabulary of Courts of Equity a little removed from that which they bear in the ordinary language of common life. In the language of common life we understand 'surcharge' to import an overcharge in quantity, or price, or value, beyond what is just, correct, and reasonable. In this sense it is nearly equivalent to 'falsify'; for every item which is not truly charged as it should be is false, and by establishing such overcharge it is falsified. But in the sense of Courts of Equity these words are used in contradistinction to each other. A surcharge is appropriately applied to the balance of the whole account, and supposes credits to be omitted which ought to be allowed. A falsification applies to some item in the debits, and supposes that the item is wholly false, or in some part erroneous. This distinction is taken notice of by Lord Hardwicke, and the words used by him are so clear that they supersede all necessity for further commentary. 'Upon a liberty to the plaintiff to surcharge and falsify,' says he, 'the onus probandi is always on the party having that liberty; for the court takes it as a stated account and establishes it. But if any of the parties can show an omission for which credit ought to be, that is a *surcharge*; or if anything is inserted that is a wrong charge, he is at liberty to show it, and that is a falsification. But that must be by proof on his side. . .'"

It would be impossible for plaintiff to recover in this action without, in effect, surcharging the final account of the executrix which is *prima facie* correct. *Bean v. Bean,* 135 N.C. 92, 47 S.E. 232. Plaintiff's

claim to one-half of the bank deposit for which she has sued is based solely upon the provision in the will of Cherry which makes her one of his two legatees. Obviously she cannot recover any part of the fund unless the deposit is an asset of his estate.

This action calls into account defendant's distribution of the estate and therefore involves her official acts as executrix. *Montford v. Simmons,* 193 N.C. 323, 136 S.E. 875. This cannot be done in an action to which the executrix is not a party and making the *individual* who also happens to be the personal representative a party will not suffice.

In *Clark v. Schindler,* 43 Ind. App. 269, 87 N.E. 44, the auditor of Marion County, alleging that the property of S had not been listed for taxes from 1893 through 1900, brought an action to set aside the final account of M (Margret Schindler) executrix of S. M. had distributed the estate to the heirs of whom she was one. The statute authorized such a proceeding but required that the executor or administrator of the estate must be made a party defendant. M as executrix was not made a party. In dismissing the action on this, and other grounds, the court said: "Margaret Schindler, as executrix, is not made a party. Margaret Schindler, as heir, may be the same person, but they are not sued in the same right and for the purposes of this action are different persons . . . In the failure to make the executrix a party there was a nonjoinder of parties."

Of course, an action against an executor or administrator for failure to perform his official duties or for a conversion of estate funds is also a claim against him personally and, if sustained, a personal judgment should be entered against him. "A judgment against an administrator ascertaining and directing the payment of a final balance against him in a suit for an accounting and settlement of the estate is a judgment against him personally." 21 Am. Jur., Executors and Administrators, Sec. 966.

The complaint affirmatively discloses that the plaintiff has no cause of action against the defendant in her individual capacity. This is a defect upon the face of the record proper of which the Supreme Court on appeal will take notice and *ex mero motu* dismiss the action. *Fuquay Springs v. Rowland,* 239 N.C. 299, 79 S.E. 2d 774; *Skinner v. Transformadora,* S. A., 252 N.C. 320, 113 S.E. 2d 717. The action is dismissed for failure of the complaint to state a cause of action.

Reversed.

PARKER J., dissenting. This is the second appeal in this case. The opinion in the first appeal appears in 256 N.C. 596, 124 S.E. 2d 563. In that opinion, the original complaint is set forth verbatim. It would

be supererogatory to repeat it here. The opinion on the former appeal was filed 28 March 1962. On 18 April 1962 defendant filed a written demurrer to the original complaint averring that it does not state facts sufficient to constitute a cause of action. At May 1962 Term Judge Paul sustained the demurrer, without assigning any basis for his ruling, and allowed plaintiff to amend her complaint. On 30 June 1962 plaintiff filed an amended complaint as follows—we omit the first three paragraphs because they are identical with the first three paragraphs of the original complaint:

"4. Under the terms of his said last will, Claud T. Cherry left his entire estate to his half-sisters, Madge Belle Davis (the plaintiff herein) and Sadie Dott Singleton (the defendant herein) in equal shares for the terms of their natural life 'with remainder to the descendants of their respective bodies;' providing, further, that: 'If either of my said half-sisters should die without leaving descendants of her body, then. . .such property as would have gone to the descendants of said half-sister. . .(to) go absolutely and in fee simple to the heirs of said half-sister.'

"5. The plaintiff, who is the half-sister of said Claud T. Cherry, named in his will as Madge Belle Davis, is entitled to the possession, use and enjoyment of one-half of the estate of said Claud T. Cherry remaining after the payment of all debts, taxes, funeral expenses and costs of administration owed and incurred by said estate.

"6. At the time of his death, Claud T. Cherry was seized of certain real estate situate in Beaufort County, North Carolina, consisting of 17 acres of land described as tract number 2 in deed recorded in Book 227, page 408, Beaufort County Registry.

"7. At the time of his death, Claud T. Cherry was the owner of the entire amount of funds on deposit in a savings account in the Bank of Washington carried in the name of 'C. T. Cherry or Sadie Cherry Singleton,' the balance of which said account totaled $9,280.74 at the time of his death.

"8. After the death of Claud T. Cherry, the defendant qualified as Executrix of his estate and when she thereafter filed her Final Account as such Executrix, on the 14th day of October 1960, the disbursements made by her were shown to have exceeded the receipts by $562.50. The above described real estate and bank account were not listed in said Final Account as assets of the estate. With respect to said deficiency said Final Account provided as follows: 'The above deficiency, together with all costs and ex-

penses of administration, have been paid by the Executrix from the proceeds of a bank account in the joint names of the Executrix and the deceased, which account was paid to the Executrix individually as survivor.

"9. The costs of administering said estate, including $15.50 paid to the Clerk of Superior Court, $9.50 paid to the North Carolina Department of Motor Vehicles, and the sum of $200.00 paid to attorneys for the estate, amounted to $225.00, and after deducting said costs from the original amount of the said savings account, there remained a net balance of $9,055.74.

"10. As the plaintiff is informed and believes, all of the debts of and claims against the estate have been fully satisfied and the estate has been fully settled; and the only persons having any right, title, interest or claim in or against the remaining estate of said Claud T. Cherry are the plaintiff and the defendant.

"11. By reason of the foregoing matters and things the defendant personally and individually has wrongfully appropriated and converted to her own use, and has received and now has, the plaintiff's share of the net funds derived from the aforesaid account.

"12. Under the terms of the Will of Claud T. Cherry, as aforesaid, the plaintiff is entitled to have the possession, use and enjoyment of one-half of the net proceeds of said bank account, namely $4,527.87, which said sum the plaintiff has demanded of the defendant but which the defendant has refused and now refuses to deliver over to the plaintiff.

"13. The defendant now has in her possession the funds representing the plaintiff's one-half of said account in the amount of $4,527.87, which belongs to the plaintiff and which funds in equity and good conscience she ought to pay to the plaintiff, and the plaintiff is entitled to recover said sum with interest thereon from the 14th day of October 1960, which is the date said sum was wrongfully appropriated by the defendant.

"WHEREFORE, the plaintiff prays that she have and recover of the defendant the sum of $4,527.87 together with interest thereon from the 14th day of October 1960, and the costs of this action; and that she have and recover such other and further relief as to the Court may seem just and proper."

The majority opinion states in substance the basic statement of plaintiff's cause of action is the same in the original complaint and

in the amended complaint, and "Judge Fountain was, therefore, without authority to overrule the demurrer; he was bound by Judge Paul's prior ruling." With that statement I do not agree.

The amended complaint alleges, which the original complaint does not, that defendant in her final account filed as executrix stated that the amount of this savings account in the Bank of Washington was paid to her individually as survivor, and in her final account she does not list this savings account as an asset of the Claud T. Cherry estate, and it further alleges, on information and belief, that all the debts of and claims against the estate have been fully satisfied and the estate has been fully settled. The amended complaint further alleges, which the original complaint did not:

> "11.  By reason of the foregoing matters and things the defendant personally and individually has wrongfully appropriated and converted to her own use, and has received and now has, the plaintiff's share of the net funds derived from the aforesaid account."

The amended complaint alleges additional facts than appear in the original complaint which Judge Paul passed on, and the question before us is: Does the amended complaint state facts sufficient to constitute a cause of action against defendant as an individual? This does not involve an appeal from one superior court judge to another. *Lumber Co. v. Pamlico County*, 250 N.C. 681, 110 S.E. 2d 278; *Bumgarner v. Bumgarner*, 231 N.C. 600, 58 S.E. 2d 360.

The demurrer *ore tenus* to the amended complaint admits for the purpose of testing its sufficiency the truth of the following facts alleged in the amended complaint: One. Claud T. Cherry by his will left his entire estate to plaintiff and defendant in equal shares and the will of Claud T. Cherry contains the provisions set forth in the amended complaint. Two. Claud T. Cherry at the time of his death was the entire owner of $9,280.74 on deposit in a savings account in the Bank of Washington, which was carried in the name of "C. T. Cherry or Sadie Cherry Singleton." Three. After Claud T. Cherry's death, defendant qualified as executrix of his estate. Four.  Defendant in her final account as executrix did not list this savings account as an asset of Claud T. Cherry's estate. Five. The proceeds of this savings account were paid to defendant individually as survivor. Six. Defendant used part of the proceeds from this savings account to pay costs of administration, but now has in her possession $9,055.74 of this savings account. Seven. All debts of, and claims against, the estate of Claud T. Cherry have been fully paid and the estate has been fully

settled. Eight. Defendant refuses to pay one-half of the $9,055.74 to plaintiff, and has wrongfully converted it to her own use. *McKinney v. High Point,* 237 N.C. 66, 74 S.E. 2d 440; *Cathey v. Construction Co.,* 218 N.C. 525, 11 S.E. 2d 571.

The admissions inherent in a demurrer are not absolute, because the conditional admissions made by a demurrer forthwith end if the demurrer is overruled. *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384.

In *Brown v. Estates Corp.,* 239 N.C. 595, 603, 80 S.E. 2d 645, 652, the Court said: "An administrator or an executor is personally liable for his own torts even though they are committed in the administration of the estate. [Citing authority.]"

In *Lightner v. Boone,* 222 N.C. 421, 23 S.E. 2d 313, the Court said: "In the absence of unreasonable delay, diversion of funds, or other wrong doing, an executor or administrator is not personally liable for interest. [Citing authority.]" It would seem that the opposite of this statement that where there is unreasonable delay, diversion of funds, or other wrong doing, an executor or administrator is personally liable for interest.

In 33 C.J.S., Executors and Administrators, sec. 242, it is said: "An executor or administrator is personally liable to those who are interested in the estate as heirs, distributees, creditors, or otherwise, for waste, or for conversion, misapplication, or embezzlement of the assets of the estate. In addition to their remedy against the representative personally for waste or conversion, the beneficiaries of the estate may also maintain an action on his official bond* * *." To the same effect see 21 Am. Jur., Executors and Administrators, sec. 303.

An executor or administrator acts in a fiduciary capacity. *In re Will of Covington,* 252 N.C. 551, 114 S.E. 2d 261. "It is a fundamental principle in reference to both executors and administrators that they cannot be permitted to convert trust funds to their own use, or to make a profit from the use of trust money. In all cases they are personally liable for any misapplication of the assets of the estate." 21 Am. Jur., Executors and Administrators, sec. 310. See also *ibid,* sec. 311.

In *Hurlbut v. Durant,* 21 Hun. 481, the Court held that the mere failure of an executor to pay to a legatee the full amount of his legacy will not, in the absence of proof that he has become personally liable for the residue thereof by reason of some illegal or improper conduct, or that he himself claims to be entitled thereto, authorize an action to be brought against him individually to recover the same. In its opinion the Court said: "The defendant was sued in his individual capacity. In that capacity he was not liable without proof that he had become

---

DAVIS *v.* SINGLETON.

---

individually responsible by reason of some illegal or improper conduct, for retaining the moneys and refusing to pay the same over."

The majority opinion at its beginning states: "Civil action to recover a legacy." In the opinion of the majority this is stated: "The purpose of this action, in its final analysis, is to secure a proper accounting and settlement of the estate of C. T. Cherry. It is in the nature of a bill in equity to surcharge and falsify the final account of the executrix* * *." With this statement in the majority opinion I do not agree. This is an attempt by mere nomenclature to convert plaintiff's action—the alleged facts in the amended complaint are admitted as true by the demurrer *ore tenus*—which is in fact and in law an action for wrongful conversion by an executrix of assets of an estate, into a bill to surcharge and falsify the final account of the executrix when the executrix has settled the estate and filed a final account therein, and has never reported the fund in controversy as an asset of the estate, but has been paid this fund individually as survivor of the savings account in the Bank of Washington and manifestly holds it as such survivor in her individual capacity claiming it as her own, and disclaiming that it is any part of the estate of her testate. In my opinion, the facts alleged in the amended complaint and admitted as true here by the demurrer *ore tenus* do not make it an action involving official capacity of an executrix according to the tests stated in *Montford v. Simmons*, 193 N.C. 323, 136 S.E. 875. Not a case cited in the majority opinion holds that an administrator or an executor is not personally liable to those who are interested in the estate as heirs or distributees for conversion, or misapplication, or embezzlement of the assets of the estate. Not a case cited in the majority opinion, as I read these cases, holds that an heir or distributee cannot maintain a suit against the executor or administrator individually for his waste or conversion of the assets of the estate.

In my opinion, plaintiff has made the choice of suing defendant as an individual for her wrongful conversion of assets of the estate, as she had a right to do, and she has a right to a trial in the county of her residence. The majority opinion is to the effect that she cannot do this, but must proceed for her remedy in the county of the residence of defendant where she qualified as executrix. I know of no law to support such a decision.

We are concerned in the instant case with pleadings. The entire will of Claud T. Cherry is not in the record. The precise character of the estate devised and bequeathed to plaintiff and defendant by Claud T. Cherry's will is not before us.

The demurrer *ore tenus* does not, and cannot, raise the question of a defect of parties, and therefore it is not necessary for that to be decided on this appeal. *Short v. Central Bus Sales Corporation*, 259 N.C. 133, 130 S.E. 2d 10.

In my opinion, plaintiff in her amended complaint has alleged facts sufficient to constitute a cause of action to hold defendant personally liable for a wrongful conversion of assets of the estate of Claud T. Cherry allegedly belonging to her, and she has a right to maintain her action in the county of her residence. I think Judge Fountain properly overruled the demurrer *ore tenus*, and the same demurrer *ore tenus* filed in this Court should be overruled. "If the complaint, in any portion of it, or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, it will survive the challenge of a demurrer based on the ground that it does not allege a cause of action. It is sufficient if the facts alleged entitle plaintiff to some relief, even though they are insufficient to entitle plaintiff to the relief prayed, or to relief upon another theory of liability." Strong's N. C. Index, Vol. 3, Pleadings, sec. 19.

I vote to overrule all assignments of error on this appeal, and to affirm Judge Fountain's order.

I am authorized to state that *Justice Higgins* joins in this dissenting opinion.