HUNTER, Judge.
C. Allen Mullinix ("Allen") and Karl Mullinix ("Karl") (collectively "plaintiffs") appeal from an order granting summary judgment in favor of defendant Goldia M. Mabry ("Goldia") and husband Scott Mabry ("Scott") (collectively "defendants"). Plaintiffs present the following issues for our consideration: (1) Whether plaintiffs have standing to sue defendants, and (2) whether plaintiffs' action for constructive fraud is barred by the statute of limitations. For the reasons stated herein, we reverse the grant of summary judgment as to plaintiffs' claims against defendant Goldia, and affirm the grant of summary judgment as to defendant Scott.
The evidence tends to show that Mrs. Irene Allen Mullinix ("decedent") was the mother of Allen, Karl, and Goldia. Decedent, who was widowed in 1967, lived near Goldia, who interacted with her on a daily basis.
Decedent possessed several accounts through the State Employees' Credit Union ("SECU") and also purchased certificates of deposit ("CDs") throughout the 1980s and early 1990s. Goldia assisted decedent with various banking transactions, but did not personally deposit funds into any of decedent's accounts.
In 1986, Goldia discussed with decedent Goldia's plans to lower her retirement annuity investment from the maximum contribution she had withheld by payroll, due to increased expenses from further educational endeavors by both Goldia and Goldia's son. Goldia stated that decedent instructed Goldia not to lower the retirement investment, and began writing $400.00 checks monthly to Goldia marked as "investment" or "annuity." Plaintiffs allege that decedent's payments to Goldia were to invest in an annuity for the benefit of decedent.
In 1989, decedent granted Goldia a general power of attorney. Goldia used the power of attorney, at the request of decedent, to set up a CD at the Albemarle SECU in the same manner as previous CDs taken out by decedent which named Goldia as beneficiary.
In 1990, Allen suggested that decedent needed a will, after learning about the CDs listing Goldia as beneficiary and certain debts owed to decedent by Goldia and Karl. Decedent later executed a will distributing half of her estate to Goldia, and one-quarter to Karl and Allen respectively.
Around 1993, decedent began showing early symptoms of dementia. Decedent's dementia became more apparent in 1995 when she began to not recognize Allen, and her short-term memory grew progressively worse in the following years. In 1999, decedent lost her checkbook at a salon. Goldia stated that she transferred $12,000.00 from decedent's account into Goldia's personal account, due to concerns about someone draining decedent's account with stolen checks. Goldia later put the $12,000.00 in a CD in Goldia's name only. Goldia stated that decedent told her on multiple occasions to treat the accounts as Goldia's own, and that she wanted defendants to have the CDs.
Decedent died testate on 5 December 2000. The will appointed Goldia executrix, and a preliminary inventory of the estate showed a value of $4,307.04. Goldia contends that decedent wanted the will division to be from personal and real property, but that the estate did not include the joint bank accounts that Goldia claimed through right of survivorship. Allen recalls decedent bragging to him in the mid 1980s of having saved over $40,000.00, but plaintiffs had no direct knowledge of decedent's actual financial situation until the estate was inventoried.
Plaintiffs filed a complaint against defendants on 14 December 2001, alleging breach of fiduciary duty, constructive fraud, actual fraud, and conversion. On 23 January 2004, defendants filed an amended motion for summary judgment. After a hearing on 9 February 2004, the trial judge entered an order granting summary judgment in favor of defendants as to all claims on 18 February 2004. Plaintiffs appeal.
The appeal from summary judgment is based on two issues: (1) Whether plaintiffs have standing against defendants; and (2) whether the claim of constructive fraud against defendants is barred by the applicable statute of limitations.[1] The standard of review for summary judgment is "'whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law.'" Satorre v. New Hanover Cty. Bd. of Comm'rs, 165 N.C. App. 173, 176, 598 S.E.2d 142, 144 (2004) (citation omitted). "In ruling on a motion for summary judgment, the court may consider 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.'" In re Will of Priddy, ___ N.C. App. ___, ___, 614 S.E.2d 454, 456 (2005) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c)). "All such evidence must be considered in the light most favorable to the non-moving party." Id. at ___, 614 S.E.2d at 456.
I.
Plaintiffs contend the trial court erred in finding plaintiffs lacked standing to file suit against defendants. We agree. N.C. Gen Stat. § 1-57 (2003) states that to have standing to bring an action, a person must be a "real party in interest." Id. "A real party in interest . . . 'is benefited or injured by the judgment in the case' . . . and has the legal right to enforce the claim in question." Insurance Co. v. Walker, 33 N.C. App. 15, 18-19, 234 S.E.2d 206, 209 (1977) (citations omitted). The real party in interest in cases of fraud and breach of fiduciary duty is the person against whom the acts were carried out. Holt v. Holt, 232 N.C. 497, 501, 61 S.E.2d 448, 452 (1950). If the cause of action still exists in the person at the time of her death, it passes to those who then succeed to her rights. Id.
"As a rule, actions to impeach transfers of personalty made by a decedent in his lifetime must be brought by his personal representative, and not by his legatees or distributees." Id. at 502, 61 S.E.2d at 452. Under certain circumstances, however, such as fraud, collusion, or a refusal to sue on the part of the personal representative, the legatees or distributees may sue to recover personal assets of an estate. Id.
Ordinarily, when an heir is permitted to bring an action under these special circumstances, the administrator of the estate must also be made a party. Spivey v. Godfrey, 258 N.C. 676, 677, 129 S.E.2d 253, 254 (1963). Our Supreme Court has distinguished that although a person may be both heir and executor, they legally are two persons who must be made parties distinctly. Davis v. Singleton, 259 N.C. 148, 153, 130 S.E.2d 10, 14 (1963). An action involving official acts as executrix to which the executrix is nota party cannot be maintained, "and making the individual who also happens to be the personal representative a party will not suffice." Id. However, this Court recently held in State ex rel. Pilard v. Berninger, 154 N.C. App. 45, 571 S.E.2d 836 (2002), that in a claim for pre-estate conversion of assets against a defendant, who was also the executor, it was not necessary to name the defendant in his or her official capacity as executrix, as the executor was not a necessary party to the conversion claim. Id. at 51, 571 S.E.2d at 840-41. Thus, an executor is not a necessary party "'so vitally interested in the controversy that a valid judgment cannot be rendered . . . without its presence,'" in a claim for conversion or fraud of pre-estate assets. Id. at 51, 571 S.E.2d at 841 (citation omitted).
Here, plaintiffs allege constructive fraud on the part of Goldia with regard to her actions as personal agent for decedent prior to her death. Plaintiffs, therefore, have standing as decedent's heirs to bring the action as successors to the rights of decedent. Furthermore, because the claim of constructive fraud arises from pre-estate assets, plaintiffs did not fail to join a necessary party, Goldia in her official capacity as the executor of the estate, to the action. As plaintiffs are real parties in interest and may properly bring an action for constructive fraud occurring prior to decedent's death, the trial court erred in granting summary judgment for lack of standing.
Defendants also contend that plaintiffs lack standing as Goldia was a joint account holder with decedent on several accounts. Defendants argue that funds in those accounts would vest in Goldia through right of survivorship and would not be part of the estate, depriving plaintiffs of any interest in the funds. We disagree, as a material issue of fact exists as to the status of the accounts.
"In North Carolina, joint property subject to a right of survivorship is not part of a decedent's estate." Miller v. Miller, 117 N.C. App. 71, 75, 450 S.E.2d 15, 18 (1994). However, a joint account with right of survivorship may only be created by a written agreement expressly providing for the right of survivorship. N.C. Gen. Stat. § 41-2.1(a) (2003).
Here, the record does not contain conclusive evidence as to which of decedent's accounts, if any, Goldia was a joint holder with right of survivorship. A material issue of fact exists as to whether decedent's various accounts were a part of her estate, and defendants are, therefore, not entitled to summary judgment as a matter of law.
Plaintiffs are heirs under decedent's will succeeding to her interests, and may bring claims arising from alleged fraudulent actions against decedent by Goldia occurring prior to decedent's death. We therefore conclude that plaintiffs are real parties in interest with standing to proceed.
II.
Plaintiffs next contend their claims as to constructive fraud were not barred by the statute of limitations, as a ten-year statute of limitations governs claims of constructive fraud based on a breach of fiduciary duty. We agree.
N.C. Gen. Stat. § 1-56 (2003) states: "An action for relief not otherwise limited by this subchapter may not be commenced more than 10 years after the cause of action has accrued." Id. "A claim of constructive fraud based upon a breach of a fiduciary duty falls under the ten-year statute of limitations contained in N.C. Gen. Stat. § 1-56 (1999)." Nations Bank of N.C. v. Parker, 140 N.C. App. 106, 113, 535 S.E.2d 597, 602 (2000).
"'Ordinarily, the period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the wrong alleged accrues. The cause of action accrues when the wrong is complete, even though the injured party did not then know the wrong had been committed.'" Davis v. Wrenn, 121 N.C. App. 156, 158-59, 464 S.E.2d 708, 710 (1995) (citations omitted). Although actions for fraud governed by the three-year statute of limitations do not accrue "until the discovery by the aggrieved parties of the facts constituting the fraud . . . ," N.C. Gen. Stat. § 1-52(9) (2003), N.C. Gen. Stat. § 1-56 does not similarly limit accrual to discovery of the constructive fraud. Whether a cause of action is barred by the statute of limitations is a mixed question of law and fact, and summary judgment is appropriate only when the facts are admitted or not in conflict. See Pharma research Corp. v. Mash, 163 N.C. App. 419, 424, 594 S.E.2d 148, 151-52 (2004).
Here, plaintiffs filed their action for constructive fraud on 13 December 2001. Plaintiffs allege constructive fraud in defendants' alleged agreement to hold and invest money given in the form of checks marked "investment" for the benefit of decedent, commencing in February 1989. Goldia stated, however, that these checks were given beginning in 1986 and continued into the early 1990s. Such conflicting testimony as to the dates of the transactions in question creates a material issue of fact as to whether plaintiffs' claims for constructive fraud are barred by the ten-year statute of limitations. As a material issue of fact exists as to when plaintiffs' cause of action accrued, the trial court erred in granting summary judgment.
III.
Plaintiffs brought suit against both Goldia and Scott. The complaint fails to allege any individual wrongdoing on the part of Scott and no evidence was presented against him. No issues of material fact are presented by plaintiffs that support an action against Scott. Satorre, 165 N.C. App. at 176, 598 S.E.2d at 144. Therefore, although we find the trial court erred in granting summary judgment as to Goldia, we affirm the trial court's grant of summary judgment as to Scott.
As we conclude that plaintiffs have standing to bring an action against Goldia, that it was not necessary to name Goldia as a party in her capacity as executrix, and that a material issue of fact exists as to whether plaintiffs' claims are barred by the statute of limitations, the trial court erred in granting summary judgment to defendant Goldia. As no issue of material fact exists as to defendant Scott, the trial court properly granted summary judgment as to him.
Affirmed in part, reversed in part.
Judges HUDSON and GEER concur.
Report per Rule 30(e).

We note that while plaintiffs' action included claims for fraud, conversion, and breach of fiduciary duty in addition to constructive fraud, plaintiffs appeal only as to the cause of action for constructive fraud.